**Khady DIOUF, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] U.S. Attorney General, Respondent.**

**No. 08–4762–ag.**

United States Court of Appeals, Second Circuit.

July 1, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for for-

Bibiana C. Andrade, Franklin Square, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Russell J.E. Verby, Senior Litigation Counsel, Carmela

A. Morgan, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. JOSE A. CABRANES and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Khady Diouf, a native and citizen of Senegal, seeks review of an August 29, 2008 order of the BIA affirming the September 15, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams denying Diouf's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Khady Diouf,* No. A97 936 714 (B.I.A. Aug. 29, 2008), *aff'g* No. A97 936 714 (Immig. Ct. N.Y. City Sept. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's determination that Diouf was not credible. First, the IJ properly found that Diouf's marriage certificate had been altered to indicate that Oumar Loum

mer Attorney General Michael B. Mukasey as respondent in this case.

had been born in "Ziguichor."[2] Diouf was required to establish that the Senegalese government arrested her because her husband was an MFDC member from Casamance, yet the only evidence of her marriage was "an altered document, with information handwritten over white-out, submitted on the final day of the merits hearing." The IJ also properly found that while Diouf initially testified that the marriage certificate had been sent to her by a friend, who had procured it from local government offices at her request after she arrived in the United States, she later stated that she brought her marriage certificate with her when she came to the United States. While Diouf explained that she only found the marriage certificate after her friend had already sent her the other copy, the IJ was not required to credit that explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (finding that the agency need not credit explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

As a result of Diouf's failure to offer any explanation for the alteration on her marriage certificate and her inconsistent testimony regarding how she obtained that document, the IJ was entitled to conclude that the document was not authentic, and to infer from her submission of an inauthentic document that she was not credible. *See Siewe v. Gonzales,* 480 F.3d 160, 169–70 (2d Cir.2007) ("An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's *own* credibility.") (emphasis in original).

Additionally, the IJ properly found that Diouf's testimony that the gendarmes broke into her home was inconsistent with her asylum application stating that she used a key to enter her home after she was released. While Diouf argues that the IJ should have credited the explanation she provided, that argument is unavailing, as her explanation was not compelling. *See Majidi,* 430 F.3d at 80–81.

An applicant's failure to corroborate his or her testimony may also bear on credibility because the absence of corroboration in general makes her unable to rehabilitate her questionable testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Here, the IJ properly found that Diouf failed to submit any medical reports or letters from friends or relatives to corroborate her claim, and that the documents that she did submit were "insufficient to make up for her testimonial deficiency." The only letter in the record is an unsigned document that makes no reference to Diouf's husband or their arrest. Aside from the altered marriage certificate, none of the documents Diouf submitted indicates that she was married. Accordingly, the IJ did not err in finding that Diouf failed to rehabilitate her testimony through independently credible evidence. *See id.*

The inconsistencies and evidentiary deficiencies identified by the IJ were material and went to the very basis of Diouf's claim, as she was unable to establish the sole reason that the Government sought her arrest—namely, that she was married to an MFDC member. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Accordingly, they provide substantial evidence for the IJ's adverse credibility determination. Moreover, because the only evidence of a threat to Diouf's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal and CAT

---

**2.** We note that this is a misspelling of Ziguin-chor.

relief, where all three claims were based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).